# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DARRELLYNE MAY SINOHUI,<br><br>    Plaintiff(s),<br><br>v.<br><br>ATS SPECIALIZED, INC., et al.,<br><br>    Defendant(s). | Case No. 2:21-cv-01420-GMN-NJK<br><br>**Order**<br><br>[Docket Nos. 14, 16] |

Pending before the Court is a stipulation to extend all deadlines in the scheduling order by 90 days. Docket No. 14; *see also* Docket No. 16 (corrected filing). For the reasons discussed below, the stipulation is **GRANTED** in part and **DENIED** in part.

The deadline to amend the pleadings or add parties has expired. *See id.* at 3. In addition to a showing of good cause, requests to revive expired deadlines must be supported by a showing of excusable neglect. *E.g.*, Local Rule 26-3. The stipulation provides no such showing. As such, the request to revive this deadline will be denied.

The remaining deadlines at issue have not expired. A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). For good cause shown, the Court will grant the stipulation to extend the unexpired deadlines.

Accordingly, the deadlines in the scheduling order are **RESET** as follows:

- Amend pleadings/ add parties: closed
- Initial experts: May 6, 2022
- Rebuttal experts: June 8, 2022

- Discovery cutoff:  July 7, 2022
- Dispositive motions:  August 9, 2022
- Joint proposed pretrial order:  September 6, 2022, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: January 13, 2022

                                                                                              _____
Nancy J. Koppe
United States Magistrate Judge