UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DARRELLYNE MAY SINOHUI,<br>　　　Plaintiff(s),<br>v.<br>ATS SPECIALIZED, INC., et al.,<br>　　　Defendant(s). | Case No. 2:21-cv-01420-GMN-NJK<br><br>**Order**<br><br>[Docket No. 21] |

　　　Pending before the Court is a stipulation to extend all deadlines in the scheduling order by 60 days. Docket No. 21. For the reasons discussed below, the stipulation is **DENIED** without prejudice.

　　　The deadline to amend the pleadings or add parties expired on January 7, 2022, Docket No. 12,[1] and the Court denied the previous request to revive and extend that deadline, Docket No. 17. No showing of any kind has been made to afford relief as to this deadline.

　　　The remaining deadlines at issue have not expired. A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The instant stipulation is premised on conclusory assertions that Defendant Basler is an out-of-state truck driver and Defendant ATS Specialized is an out-of-state corporation, such that more time is needed for discovery. Docket No. 21 at 3. The stipulation also states in conclusory terms that there are delays related to COVID-19. *Id.* These assertions are

---

[1] The instant stipulation states wrongly that the deadline to amend expired on April 7, 2022. Docket No. 21 at 3. That is wrong. *See* Docket No. 17 at 1.

1

identical to those made months ago when the parties secured the previous extension.[2] No explanation has been provided why these recycled assertions suffice for an additional extension. Moreover, the stipulation does not show any discovery activity for nearly two months, *see* Docket No. 21 at 2, which undermines any assertion of diligence.

Accordingly, the stipulation to extend is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: April 11, 2022

                                                                            _____
Nancy J. Koppe
United States Magistrate Judge

---

[2] They are also very similar to assertions made preemptively in the discovery plan, which were found to be insufficient for a lengthy extension of the presumptively reasonable discovery period. *See* Docket No. 11 at 2; *see also* Docket No. 12 at 1.